**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Diamonte, <br><br>            Plaintiff, <br><br> v. <br><br> Henderson, *et al.*, <br><br>            Defendants. | Civil Action No.  2:23-cv-03596 (KSH) (SDA) <br><br> **PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 of the Federal Rules of Civil Procedure on **September 5, 2024** and for good cause shown:

IT IS, on this 5th day of September, 2024, hereby **ORDERED THAT:**

### I.  DISCLOSURES

1.      Fed. R. Civ. P. 26 initial disclosures are to be exchanged by **September 20, 2024**.

2.      The parties shall participate in an e-discovery conference pursuant to Local Civ. R. 26.1(d) by **October 15, 2024**.

3.      If applicable, a Local Civil Rule 7.1.1 statement shall be filed within **ten (10) days** of this Order.

### II.  FACT DISCOVERY

4.      Fact discovery shall be completed by **April 30, 2025**.  No fact discovery may be issued or engaged in beyond that date, except upon application and for good cause shown.

5.      Initial discovery requests shall be served by **September 30, 2024.**

6.      Interrogatories are limited to twenty-five (25) single questions absent leave of Court.

7.      Responses to discovery requests shall be served within thirty (30) days of receipt pursuant to Fed. R. Civ. P. 33 and 34.  Full compliance with Local Civ. R. 33.1 and 34.1 is expected, and a privilege log should be served for any documents or information withheld on the grounds of privilege.

8.      Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed before the close of fact discovery.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege.  *See* Fed. R. Civ. P. 32(d)(3)(A).  No instruction not to answer shall be given unless a privilege is implicated.  Absent stipulation of all parties or leave of Court, each party shall be limited to **ten (10)** depositions.  *See* Fed. R. Civ. P. 30(a)(2).

## III.  EXPERT DISCOVERY

9.      Neither Party contemplates expert discovery at this time.

## IV.  DISCOVERY CONFIDENTIALITY ORDERS

10.      Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3.  Unless good cause is shown, the parties shall use the form included in Appendix S to the Local Civil Rules.  If the proposed order differs from Appendix S, the parties must submit (i) a clean version of the proposed order that is ready for signature; and (ii) a red-lined version of the proposed order that delineates how it differs from Appendix S.

## V.  DISCOVERY DISPUTES

11.      Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention.  Any dispute not resolved after counsel's good faith attempt shall be brought to the Court's attention by letter, no longer than 3 pages in length.  In the letter, counsel shall describe the dispute with particularity and advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court.  **No discovery motion shall be filed without prior leave of Court.**  *See* L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f)(1).

## VI.  MOTIONS

12.      **No motions are to be filed without leave of Court, with the exception of motions in lieu of Answer under Fed. R. Civ. P. 12.**  These prerequisites must be met, or the motion will be administratively terminated without prejudice.  All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

13.      Unless otherwise directed by the Court, dispositive motions shall be filed within 60 days of the close of expert discovery.  All dispositive motions must first be subject to a pre-hearing conference.  Discovery generally must be completed prior to the filing of a dispositive motion.

14.      Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed by **February 1, 2025**.  Before seeking Court leave to file a motion to amend a pleading, a party shall provide a draft of the proposed

amended pleading to all parties in an effort to obtain consent to the amendment.  Any request for leave of the Court to file a motion to amend shall attach, as an exhibit, a red-lined version of the proposed amended pleading delineating how it differs from the previous pleading.  *See* Local Civ. R. 15.1.

## VII.  FUTURE CONFERENCES

15.    There shall be a status conference before the undersigned via video conference on **February 3, 2025 at 2:00 p.m.** The parties shall file a joint status letter, no longer than three (3) pages in length, no later than five (5) days before the conference.  Microsoft Teams login credentials will be provided.

## IX.    MISCELLANEOUS

16.    Since all dates set forth herein are established with the assistance and knowledge of counsel and/or the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties.

17.    A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or it may be disregarded by the Court.

18.    **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**


           */s/ Stacey D. Adams*
          Hon. Stacey D. Adams
          United States Magistrate Judge



Original:    Clerk of the Court
    cc:    Hon. Katharine S. Hayden, U.S.D.J.
          All Parties