<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA DIAMONTE,<br><br>*Plaintiff,*<br><br>v.<br><br>TAJA NIA HENDERSON; KINNA PERRY; GARY FARNEY; JACQUELINE MATTIS; RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY; THE BOARD OF GOVERNORS OF RUTGERS, THE STATE OF NEW JERSEY; RUTGERS UNIVERSITY FOUNDATION OF THE STATE UNIVERSITY; JOHN DOE 1-100 (names being fictitious); JANE DOE 1-100 (names being fictitious), *individually and in their professional capacities*,<br><br>*Defendants*. | Civil No.: 2:23-cv-03596 (KSH) (SDA)<br><br><br><br><u>**OPINION**</u> |

**Katharine S. Hayden, U.S.D.J.**

**I.   Introduction**

Before the Court is plaintiff Maria Diamonte's motion (D.E. 71) for reconsideration of the Court's opinion and order (D.E. 67, 68) granting defendants' motion to dismiss. For the reasons set forth below, the motion for reconsideration is denied.

**II.   Background**

The relevant factual allegations and procedural history of this matter are set forth in more detail in the Court's April 3, 2025 opinion. (D.E. 67, 4/3/25 Opinion.) Briefly, Diamonte was a PhD candidate in the Division of Global Affairs at Rutgers University, Newark ("Rutgers"). (D.E. 15, Am. Compl. ¶ 1.) She sued Rutgers and various other individual and Rutgers-entity defendants on July 6, 2023, alleging that she experienced disability discrimination and retaliation

1

by the way Rutgers handled and ultimately denied her extension request to complete her dissertation. (D.E. 1, Compl. ¶¶ 25-28, 61-77; D.E. 15, Am. Compl. ¶¶ 1, 30, 33-37, 71-88, 134-141.)

Before she brought the instant lawsuit, Diamonte had previously filed a complaint with the New Jersey Division on Civil Rights ("DCR"), similarly alleging that she experienced disability discrimination and retaliation by the handling of her extension request. (D.E. 34-3, Declaration of DanaLynn T. Colao ("Colao Dec."), Ex. A (Diamonte Verified Complaint to DCR), at 1-2.) On January 25, 2023, the DCR found no probable cause existed to credit the allegations in Diamonte's complaint and closed the file. (D.E. 34-5, Colao Dec., Ex. C (DCR Decision), at 1-3.)

After Diamonte filed this federal action, defendants moved to dismiss, attaching Diamonte's verified complaint to the DCR, Rutgers' response to it, and the DCR's final judgment. (*See* D.E. 34.) Rutgers argued that Diamonte was collaterally and statutorily estopped from relitigating issues that she had already raised in front of the DCR, namely, her Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 *et seq.*, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* claims. (D.E. 34-1, Defs.' Moving Br., at 14-17, 32-35.) Diamonte opposed, asserting that defendants' collateral estoppel argument was a "red herring" and did not bar her claims. (D.E. 45, Pl.'s Opp. Br., at 4-6.)

On February 26, 2025, the Court heard oral argument, which focused on whether the underlying DCR action and final judgment had preclusive effect on Diamonte's discrimination claims. Through counsel, Diamonte did not dispute that there was an underlying DCR action or that the DCR exhibits attached to defendants' motion to dismiss were authentic. Diamonte's

attorney acknowledged that he waived certain claims by not responding to several of defendants' arguments in his opposition brief.

On April 3, 2025, the Court granted defendants' motion to dismiss the complaint. The Court ruled that Diamonte's RA and ADA claims were barred by N.J.S.A. § 10:5-27's election of remedies provision because she had previously "litigated her claims of unlawful discrimination before the DCR, she was accorded a full opportunity to do that, and the DCR found that it was Diamonte's failure to follow Rutgers' procedures for requesting a disability accommodation, not discrimination, that led to her extension request denial." (D.E. 67, 4/3/25 Opinion, at 7-9.) The Court also held that these claims were barred by issue preclusion, which acts to prevent Diamonte from relitigating an issue that has previously been decided by an earlier tribunal. (*Id.* at 9-12.)

In a similar vein, the Court determined that the DCR's factfinding that Diamonte was denied an extension because she "failed to complete the [requisite] form in its entirety . . . and . . . despite being informed of the missing information, [she] repeatedly refused to supply the outstanding information" was entitled to preclusive effect, and defeated Diamonte's Fourteenth Amendment Equal Protection claim. (*Id.* at 12-15 (quoting DCR Decision, at 3).) Finally, the Court determined that Diamonte's Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* claim must be dismissed because Diamonte had not pled an employee-employer relationship with Rutgers; at oral argument, her counsel could not represent that one existed. (*Id.* at 15-16.)

Diamonte moves for reconsideration, alleging that the Court should not have considered nor given preclusive effect to the underlying final judgment of the DCR in deciding defendants' motion to dismiss. (D.E. 71, Mtn. for Recon., at 2.) She argues that the Court committed "a

manifest injustice by (1) straying from the pleadings and relying upon the facts set forth in the decision of the Director of the Division as integral to evaluating whether the facts set forth in the Complaint plausibly stated defendant Rutger[s] violated the Rehabilitation Ac[t] and ADA, (2) ruling that the issues raised in the DCR pertaining to violation of the Rehabilitation Act (RA) and American with Disabilities Act (ADA) were identical to those raised in the federal complaint and were thus precluded from being relitigated under the twin doctrines of collateral estoppel and election of remedies, (3) holding that plaintiff's Section 1983 claim for violation of her constitutional right to Equal Protection of the law as well as her Title VII claim for employment discrimination should have been dismissed without prejudice to refiling." (*Id.*)

### III. Standard of Review

The scope of a Rule 59(e) motion for reconsideration "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A motion may only be altered or amended if the movant shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### IV. Discussion

Diamonte does not rely on a change in the law or allege new evidence in her motion. *See Blystone*, 664 F.3d at 415-16 (noting that "new evidence" for reconsideration purposes "does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because

4

that evidence was not previously available." (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)).  That leaves the third ground, which requires a showing of manifest injustice.

Diamonte asks the Court to reconsider its election of remedies and issue preclusion analyses and the dismissal of her Fourteenth Amendment and Title VII claims with prejudice.  In doing so, she sets forth legal theories that she already raised in her opposition papers and at oral argument.  But relief under Rule 59(e) is not warranted simply because a party disagrees with a decision or wants to reargue the original motion.  *Fields v. Dickerson*, 2017 WL 1181576, at *1 (D.N.J. Mar. 30, 2017) (Hillman, J.).  And, to the extent that Diamonte is attempting to present new evidence or arguments, it is well settled that a motion for reconsideration may not be used "to raise arguments or present evidence that could have been raised prior to the initial judgment." *In re Coinbase Global, Inc. Secs. Litig.*, 2025 WL 1040633, at *2 (D.N.J. Apr. 8, 2025) (Martinotti, J.) (quoting *Red Roof Franchising v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 543 (D.N.J. 2013) (Hillman, J.)); *see Lampon-Paz v. Dep't of Just.*, 2017 WL 6403003, at *1 (D.N.J. Sept. 19, 2017) (McNulty, J.) (noting that "[e]vidence or arguments that were available at the time of the original decision will not support a motion for reconsideration").

The Court finds that the rationale underpinning its April 3, 2025 opinion and order are not changed by Diamonte's repeated arguments that issue preclusion does not apply.  In making these arguments, Diamonte all but ignores and indeed refuses to acknowledge the Court's application of election of remedies and issue preclusion to this case.  Instead, she makes arguments that this Court previously rejected, and protests that the DCR erred in entering final judgment against her.  (*See, e.g.*, D.E. 71, Mtn. for Recon., at 4 (asserting that "[i]n this matter

5

plaintiff has set forth in the Complaint numerous facts directly disputing those found in" the DCR's final judgment).)

Nowhere in her motion Diamonte acknowledge a simple, but dispositive, fact: in filing a verified complaint with the DCR based on alleged discrimination by Rutgers in its handling of her extension requests, she chose her remedy. The language of N.J.S.A. § 10:5-27 is plain: "the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned." *See Chugh v. Western Inventory Servs., Inc.*, 333 F. Supp. 2d 285, 290 (D.N.J. 2004) (Linares, J.) ("[W]ith the exception of appellate review, an individual who has received a final determination by the DCR will be barred by N.J.S.A. § 10:5-27 from bringing any other action, in any forum, based on the same injury."). The DCR found no probable cause existed, a final judgment that Diamonte may appeal in state court. But what Diamonte may not do is collaterally attack the DCR's final judgment in this Court. That is what she attempts to do here, and the Court held that she is precluded from doing so.

Perhaps realizing this issue, Diamonte now argues that the Court erred in considering the DCR's final judgment in resolving defendants' motion to dismiss. But as Diamonte acknowledges (*see* D.E. 71, Mtn. for Recon., at 3-4), courts may take judicial notice of opinions and public records when resolving a Rule 12(b)(6) motion. *See Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 & n.52 (3d Cir. 2016) (finding conversion of a 12(b)(6) motion into one for summary judgment unnecessary where "the parties were not only aware of but intimately familiar with [the] previous lawsuit," which the court noted was a matter of public record); *see S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial

proceedings, in addition to the allegations in the complaint."). Courts may also consider documents integral to a plaintiff's claim in ruling on a motion to dismiss. *Chugh*, 333 F. Supp. 2d at 289 (considering DCR investigation documents attached to the defendant's motion to dismiss that were "incorporated into the pleadings by reference" and "integral to or upon which plaintiff's claim is based").

It makes good sense that the Court was permitted to take notice[1] of the DCR documents and to use them in deciding if the DCR's final judgment required dismissal of Diamonte's discrimination claims on election of remedies and/or issue preclusion grounds. If the Court was prohibited from doing so, plaintiffs could circumvent N.J.S.A. § 10:5-27's election of remedies provision and collateral estoppel arguments until the summary judgment stage, wasting judicial resources. But such is not the law. Diamonte does not dispute the authenticity of the DCR documents, she simply disagrees with the DCR's factual findings, legal conclusions, and the process that it afforded to her – the process she chose. These grievances are not properly before this Court.

V.  **Conclusion**

For the reasons set forth above, Diamonte's motion for reconsideration is denied. An appropriate order accompanies this opinion.


Dated: December 4, 2025                      */s/ Katharine S. Hayden*
                                              Katharine S. Hayden, U.S.D.J.

---

[1] The Court did not accept the DCR's factual findings as true for the purposes of defendants' motion to dismiss as Diamonte now contends. Rather, the Court described what the DCR found and determined that these factual findings were entitled to preclusive effect. (*See* D.E. 67, 4/3/25 Opinion, at 8-14.)